ENTERED AUG 3 1 2005

FILED
AUG 3 1 2005
T.S. McGREGOR, CLERK
U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF WASHINGTON

UNITED STATES BANKRUPTCY COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| In re:<br><br>METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC.,<br><br>    Debtor. | Jointly Administered Under<br>No. 04-00757-W11 |
| In re:<br><br>SUMMIT SECURITIES, INC.,<br><br>    Debtor. | |
| METROPOLITAN INVESTMENT<br>SECURITIES, INC.,<br><br>    Debtor. | No. 04-00756-W1B |
| METROPOLITAN MORTGAGE &<br>SECURITIES CO., INC., SUMMIT<br>SECURITIES, INC., and BRUCE<br>BOYDEN, as Trustee for the<br>Chapter 7 estate of<br>METROPOLITAN INVESTMENT<br>SECURITIES, INC.,<br><br>    Plaintiffs,<br><br>vs.<br><br>KEITH CAUVEL and MARJORIE<br>CAUVEL, husband and wife,<br>et al.,<br><br>    Defendants. | Adversary No. A04-00061-W11<br><br>MEMORANDUM DECISION RE:<br><br>HALL DEFENDANTS/SCOTT LAW GROUP<br>CREDITORS' MOTION FOR<br>RECONSIDERATION OF COURT'S<br>ORDER GRANTING PLAINTIFFS' AND<br>INTERVENING PLAINTIFFS' MOTION<br>FOR DECLARATORY JUDGMENT OR<br>PRELIMINARY INJUNCTION (#237) |

THIS MATTER comes before the Court on Hall Defendants/Scott Law Group Creditors' Motion for Reconsideration of Court's Order

MEMORANDUM DECISION RE: . . . . - 1

Granting Plaintiffs' and Intervening Plaintiffs' Motion for Declaratory Judgment or Preliminary Injunction (Docket No. 237) and Joinder in Hall Defendants' Motion for Reconsideration by Banks Defendants (Docket No. 268).

Motions for reconsideration are governed by Fed. R. Bank. P. 9023 which incorporates by reference Fed. R. Civ. P. 59. Motions for reconsideration are granted only if there has been a change in the law or facts or there is newly discovered evidence. *In re Basham*, 208 B.R. 926 (B.A.P. 9th Cir. 1997). Motions under Fed. R. Civ. P. 59 serve to correct manifest errors of law or fact, or to consider the import of newly discovered evidence. They are not to be used by a losing party who failed to raise an available argument or who disagrees with the Court's prior decision. *In re Kellogg*, 197 F.3d 1116 (11th Cir. 1999).

Neither Hall Defendants' Motion nor Banks Defendants' Joinder assert newly discovered evidence as a basis for reconsideration. Rather, Hall Defendants' Motion argues that the Court lacked a factual basis for concluding that the claims asserted against either debtor are covered by the Professional Liability Policy and its excess policy. Specifically, Hall Defendants argue that the court erred in determining that the debtors were entitled to the policy proceeds because the Court lacked a factual basis from which to conclude that the debtors had a legal interest in the policy proceeds.

11 U.S.C. § 541(a)(1) of the Bankruptcy Code defines property of the estate as "all legal and equitable interests of the debtor in property as of the commencement of the case." Property of the estate is to be interpreted broadly. *United States v. Whiting*

MEMORANDUM DECISION RE: . . . . - 2

*Pools, Inc.*, 462 U.S. 198 (1983). When dealing with policies of insurance, a fundamental distinction exists between first-party policies of indemnification and policies of liability. In this case, the debtors allege that they hold first-party not third-party claims against the insurance proceeds. *See* Declaration of Bruce R. Boyden in Support of Debtor's Motion for Declaratory Judgment or Preliminary Injunction (Docket No. 198). This Court did not conclude as a matter of law that the debtors had a legal interest in the policy proceeds. The Court concluded that the debtors had an equitable or beneficial interest in the policy proceeds as the debtors had filed claims against those proceeds and that equitable interest was sufficient to render the policy proceeds property of the estate. In other words, this Court concluded that under these circumstances an insured debtor on a liability policy has an equitable interest in the proceeds. The beneficial or equitable interest arises not only from the secondary effect that the payment of the insurance proceeds has on the remaining claims against the estate, but most importantly, from the debtors' alleged direct right to recover from the proceeds.

It is this Court's opinion that it had a sufficient factual basis for its conclusions that the debtors had alleged claims against the policies. The Order Re: Plaintiffs' and Intervening Plaintiffs' Motion for Preliminary Injunction (Docket No. 225) does not adjudicate any question of coverage under the policies. The arguments asserted in the Motion and Banks' Joinder to the extent previously argued, were either explicitly or implicitly rejected in the Court's prior Order. Arguments that could have been asserted or which are asserted for the first time in a motion for

MEMORANDUM DECISION RE: . . . . - 3

reconsideration are waived. *Beech Aircraft Corp. v. United States*, 51 F.3d 834 (9th Cir. 1995).

DATED this 31st day of August, 2005.

*Patricia C. Williams*
PATRICIA C. WILLIAMS
Bankruptcy Judge

MEMORANDUM DECISION RE: . . . . - 4